**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIANNE LESUER,

               Plaintiff - Appellant,

   v.

HCA INC.; HCA INC. LONG TERM
DISABILITY PLAN; DISABILITY
INSURANCE SPECIALISTS,

               Defendants - Appellees.

No. 09-35458

D.C. No. 3:07-cv-00230-TMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted July 30, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

    Dianne LeSuer appeals the district court's grant of summary judgment in

favor of HCA Inc., HCA Inc. Long-Term Disability Insurance Plan ("Plan"), and

Disability Insurance Services ("DIS"). LeSuer seeks disability benefits from the

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plan, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The facts are known to the parties and will not be repeated here except to the extent necessary.

## I

When an ERISA plan unambiguously confers discretion on the administrator to interpret plan terms and to determine eligibility for benefits, we review the denial of benefits for an abuse of discretion. *See Montour v. Hartford Life Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009). LeSuer concedes that the Plan contains an unambiguous grant of discretion but argues that de novo review was nevertheless warranted. We disagree.

That the administrative record lacks an explicit delegation of discretionary authority to either DIS or the prior claims administrator, Integrated DisAbility Resources, Inc. ("IDR"), does not alter the standard of review because the "Plan contemplated the possibility of a transfer of discretionary authority to a third-party," and DIS presented "evidence establishing delegation" of such authority. *Shane v. Albertson's Inc.*, 504 F.3d 1166, 1171 (9th Cir. 2007). Furthermore, the fourteen-month delay in deciding LeSuer's appeal is not a flagrant procedural violation sufficient to alter the standard of review because DIS did not fail completely to exercise its discretion. *See Abatie v. Alta Health & Life Ins. Co.*, 458

F.3d 955, 972 (9th Cir. 2006) (en banc). Consequently, the district court correctly concluded that the delay is a procedural irregularity and, as such, "is a matter to be weighed in deciding whether [the] administrator's decision was an abuse of discretion." *Id.*

## II

The district court's abuse-of-discretion review must be "informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Id.* at 967. LeSuer argues that the district court failed properly to weigh such a conflict in determining whether the denial of benefits was an abuse of discretion.

## A

Pursuant to a "Claim Reserve Assignment Agreement" ("Agreement"), ReliaStar Life Insurance Co. ("ReliaStar") paid benefits claims but delegated its claims adjudication duties to DIS. Although the Agreement provided that DIS would "be acting on behalf" of ReliaStar, and that ReliaStar would be "responsible for any actions or omissions" of DIS, the district court did not read the Agreement as "eroding DIS's authority to 'adjudicate' benefits claims" and therefore applied a deferential abuse-of-discretion review. However, the administrative record contains evidence that ReliaStar did, in fact, erode DIS's adjudicatory authority.

3

For example, e-mails show that a claims consultant for ReliaStar's parent company, ING Re, participated in DIS's appeal review and even helped draft the letter upholding the denial of benefits. *See, e.g.*, A.R. 631, 658. Given the extent of ReliaStar's involvement in the adjudicatory process, notwithstanding its role as the payer of claims, we conclude that there was a conflict of interest that the district court failed adequately to weigh in its abuse-of-discretion review. *See Montour*, 588 F.3d at 632. Accordingly, we vacate the grant of summary judgment and remand to the district court for reconsideration of whether the denial of benefits constituted an abuse of discretion.[1]

On remand, the district court shall consider whether the "facts and circumstances indicate the conflict may have tainted the entire administrative decisionmaking process," in which case "the court should review the administrator's stated bases for its decision with enhanced skepticism." *Montour*, 588 F.3d at 631; *see also Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2351 (2008). Several facts and circumstances seem particularly relevant to this inquiry. First, DIS sent LeSuer a letter dated May 15, 2006, indicating that it would be

---

[1] "The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process" of the conflict. *Abatie*, 458 F.3d at 970. If the district court permits such discovery, it would behoove DIS "to bring forth affirmative evidence that any conflict did not influence its decisionmaking process." *Id.* at 969.

handling her appeal and would order an expedited medical review in order to "give every consideration" to her claim. A.R. 69. Yet in March 2006, DIS was already "recommending upholding the denial," and in April 2006, DIS began drafting an "appeal uphold letter" in collaboration with the ING Re claims consultant. *Id.* at 631, 658–59. Second, on May 15, 2006, having already decided to uphold the denial of benefits, DIS ordered a review by its long-time medical consultant, Dr. Amato. The form DIS gave to Dr. Amato instructed him to "include if there is documentation supporting the lifting restrictions outlined by Dr. Wells." *Id.* at 68. The lack of such documentation was dutifully noted in Dr. Amato's review and thereafter inserted into the "appeal uphold letter" that DIS had drafted. *Compare id.* at 60 *with id.* at 644–45. In light of the foregoing, the district court should carefully consider whether "bias infiltrated the entire decisionmaking process," which would warrant according "significant weight to the conflict." *Montour*, 588 F.3d at 634.

### III

The existence of a conflict is but one of "numerous case-specific factors" that the district court must weigh and balance to "reach a decision as to whether discretion has been abused." *Id.* at 630. We note a number of nonexhaustive

5

factors that the district court may consider on remand but express no view as to how the district court should weigh and balance them.

First, both IDR and DIS decided to conduct a "pure paper" review, which raises questions as to whether the benefits determination was thorough and accurate.[2] *See id.* at 634. Moreover, it is unclear whether Dr. Amato was provided with all of the relevant evidence, such as Major Smith's letter covering the five-month waiting period.

Second, DIS appeared to emphasize Dr. Hadley's report and to deemphasize the findings of Dr. Bardman, Dr. Wells, and Major Smith, as well as the MRI showing degenerative disc disease. *See Glenn*, 128 S. Ct. at 2352. Notably, Dr. Hadley's report did not refute Dr. Wells' conclusion that LeSuer should be limited to lifting under 20 pounds or the possibility that LeSuer's combination of back pain and fatigue due to depression, as noted by Dr. Bardman, could have rendered her unable to perform the duties of her job during the waiting period.

---

[2] That the IDR review apparently was not conducted by a health care professional is not a procedural error, given that the requirement that a health care professional be consulted applies only at the appeal level. *See* 29 C.F.R. § 2560.503-1(h)(3)(iii), (4). Furthermore, although LeSuer argues that she was not given an opportunity to respond to the reviews, we conclude that there was no procedural violation because she does not contend that she ever requested but was denied copies of them. *Id.* § 2560.503-1(h)(2)(iii).

Third, although IDR invited LeSuer to submit her Social Security determination, and DIS purported to have considered it on appeal, DIS failed to discuss it in its letter affirming the denial of benefits. Failure to distinguish a Social Security disability determination "may indicate a failure to consider relevant evidence." *Montour*, 588 F.3d at 635.

Finally, DIS's letter mentioned for the first time the lack of any objective data to support Dr. Wells' lifting restriction. LeSuer was never asked to provide such data. Insofar as IDR or DIS believed that the record lacked objective data to support the restriction, "it was required to say so at a time when [LeSuer] had a fair chance to present evidence on this point." *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 871 (9th Cir. 2008). "[T]he fact that the claims administrator presented a new reason at the last minute bears on whether denial of the claim was the result of an impartial evaluation or was colored by [a] conflict of interest," since it "suggests that the claims administrator may be casting about for an excuse to reject the claim rather than conducting an objective evaluation." *Id.* at 872. Under such circumstances, additional discovery on the newly raised issue would be required on remand. *See id.* at 872–73.

**VACATED and REMANDED.**